UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN E. SANSBURY, individually and
o/b/o his minor children, Michelle
Sansbury and Catherine Sansbury,

                Plaintiff,

vs.                             Case No.   2:04-cv-509-FtM-99DNF

DEPARTMENT OF CHILDREN AND FAMILY
SERVICES, an agency of the State of
Florida, MARY SZYREK, DANIEL
SANSIVERI, RUBY JEWEL EDDINGS, and
MARY SOTH, individuals,

                Defendants.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #79), filed October 12, 2006, recommending that the Motion to Dismiss Amended Complaint (Doc. #62) be granted as to the federal claims; that supplemental jurisdiction not be retained over the remaining state law claims; and that Mary Soth be dismissed from the action for failure to serve process.  Plaintiff filed a Written Objection (Doc. #82) on October 21, 2006, and defendants filed a Reply (Doc. #83) on October 24, 2006, which contains some objections.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify

the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge as to the dismissal of the federal claims. It is clear that the Second Amended Complaint alleged that the individual defendants were acting within the scope of their employment. The fact that plaintiff alleges these defendants were performing their jobs improperly does not indicate each was acting outside the parameters of their employment. Plaintiff's objection on this basis is overruled. The Report and Recommendation correctly finds that no case law supported the finding of a constitutional right in the factual context alleged. Plaintiff's reliance on Kyle v. Chapman, 208 F.3d 940 (11th Cir. 2000) is misplaced because the facts of

that case were not sufficiently similar to those alleged in this case.  Plaintiff's objection is overruled.

While plaintiff agrees there is no case law for the legal right he asserts, he asks the Court to establish such law in this case.  Given the well settled principles involving qualified immunity, as set forth in the Report and Recommendation, it is clear that the individual defendants are entitled to such immunity and the Court cannot retroactively infer notice where none reasonably existed at the time of the conduct alleged in this case.  Plaintiff's objection is overruled.

Plaintiff can pursue relief for his state law claims in state court pursuant to 28 U.S.C. § 1367(d).  Since no federal claims remain, the Court exercises its discretion pursuant to 28 U.S.C. § 1367(c) and declines to exercise jurisdiction over the remaining state claims.  Because the Court declines to exercise jurisdiction over the state law claims, the Court need not resolve the motion to dismiss as it relates to those claims.

Accordingly, it is now

**ORDERED**:

1.   The Report and Recommendation (Doc. #79) is hereby **accepted** and **adopted** as to the federal claims and the claims as to Mary Soth, and defendants' Motion to Dismiss Amended Complaint (Doc. #62) is **GRANTED** in part as follows:

    a.   Counts 16 through 24 are dismissed with prejudice as barred by qualified immunity;

    b.   Counts 10 through 12 are dismissed without prejudice as to Mary Soth for failure to perfect service of process within the time allotted by Fed. R. Civ. P. 4(m); and

    c.   The Court declines to exercise supplemental jurisdiction over the remaining state claims, and therefore Counts 1 through 9 and Counts 13 through 15 are dismissed without prejudice for lack of jurisdiction.

    2.   The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
United States Magistrate Judge

Counsel of Record
Unrepresented parties
DCCD